THE STATE ex inf. HADLEY, Attorney-General, ex rel. WAYLAND, Appellant, v. HERRING.

Division Two, December 24, 1907.

1. **COUNTY COLLECTOR.** The office of county collector is of statutory, not constitutional, origin.

2. ———: **Expiration of Term.** By statute the term of the county collector expires on the first Monday in March.

3. ———: **Vacancy: Tenure.** Under section 7028, Revised Statutes 1899, a person appointed by the Governor to fill a vacancy in the office of county collector, holds the office until the first Monday in March after the last preceding general election at which his successor is required to be elected.

4. **CONSTITUTIONAL STATUTE: Sec. 7028, R. S. 1899: Title: Vacancy in Office.** The title to the Revised Bill of 1879 on Elections, of which section 7028, Revised Statutes 1899, is a part, entitled, "An act to amend and revise chapter 2, title 2 of the general statutes of Missouri concerning popular elections," is sufficiently comprehensive to embrace an amendment to said section 7028 giving to the Governor power to fill vacancies in county offices and fixing the tenure of his appointees.

5. ———: ———: ———: ———: **Revised Bill.** Nor is said section unconstitutional because said changes and amendments in the existing law were made by a revised bill which embraced the whole article of which section 7028 was a part. The title to the act being sufficiently comprehensive to embrace the congruous subject of filling vacancies in county elective offices not theretofore provided for in the chapter on elections, it is immaterial that the changes were made by a revised bill.

6. ———: **Amendment: Setting Out Words Added.** In amending a statute it is not necessary that the amendatory act designate the words which constitute the amendment. It is sufficient if the statute be set out in full as amended.

7. **VACANCIES: County Collector: Tenure of Appointee: Constitutional Provision.** The Constitution, section 11, article 5, provides: "When any office shall become vacant, the Governor, unless otherwise provided by law, shall appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed and qualified according to law." *Held*, that the person appointed by the Governor to fill the vacancy in the office of county collector, held the office until the first Monday in March next after the next general election for the election of county collectors, and not simply until the qualification and demand for the office by the person elected at such next general election.

8. ———: **Natural Meaning: Rest of Term.** The natural significance of the word "vacancy" when understood with reference to the context in said section of the Constitution, is that the Governor's appointee will hold the office for the rest of the term in which the vacancy occurs.

9. ———: **County Collector: Legislative Office.** The office of county collector is a legislative office, created by statute, and the General Assembly had power, under section 14 of article 9 of the Constitution, to provide for his election or appointment, and to prescribe the term which the person elected, or the person appointed to fill a vacancy in the term, might hold. Under that constitutional provision the General Assembly had power to authorize the Governor or some other public functionary to fill the vacancy in such county office, and as it authorized the Governor by section 7028, Revised Statutes 1899, to fill the vacancy, he derived his power from that statute, and the person appointed by him holds for the time designated therein, which is, in case of county collector, until the first Monday after the next general election at which his successor is elected.

10. ———: **Election to Two Terms.** Where relator was simply elected to the office of county collector at a general election held in 1906, it cannot be held that he was elected both for the unexpired term and the ensuing regular term, but the natural inference, where nothing to the contrary appears, is that he was elected for the ensuing regular term.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, *J. A. Collet* and *Perry S. Rader* for appellant.

(1)   The words of section 11 of article 5 of the Constitution, declaring that the Governor's appointee "shall continue in office until a successor shall have been duly elected and qualified according to law," mean exactly what they say, no more, no less. The Legislature could not enlarge them to mean the whole of the unexpired term. They mean that the Governor could fill the vacancy by appointment for that part of the term extending up to the election and qualification of the appointee's successor, and that the balance of the term belongs, after his qualifying, to the person elected at the election provided by law for the election of collectors; and, any attempt by section 7028, Revised Statutes 1899, or any other statute, to extend the tenure of the Governor's appointee beyond the time of the election and qualification of his successor, was an enlargement upon the constitutional limitation, and to that extent was unconstitutional and void. Sec. 11, art. 5, Constitution; 23 Am. and Eng. Ency. Law, 406; Smith v. Askew, 48 Ark. 82; Westbrook v. Rosborough, 14 Cal. 182; State ex rel. v. Thomas, 10 Kan. 159; Meredith ex parte, 33 Gratt. (Va.) 119; State v. Lyles, 1 McCord (S. C.) 239; State v. Hutson, 1 McCord (S. C.) 240; Griebel v. State, 111 Ind. 175; Douglass v. State, 31 Ind. 429; Beale v. State ex rel., 49 Ind. 41; Hale v. Evans, 12 Kan. 562; State ex rel. v. Cobb, 2 Kan. 55; Bond v. White, 8 Kan. 340; Biddle v. Willard, 10 Ind. 62; Mannix v. Selbach, 31 Colo. 502; Jones v. Sizemore, 117 Ky. 810; State ex rel. v. Holt, 67 Oh. St. 303; People v. Campbell, 138 Cal. 16; People v. Knopf, 198 Ill. 340; People v. Fitzgerald, 180 N. Y. 269; Parmaster v. State, 102 Ind. 90; Paine on Elections, sec. 208 p. 180; State ex rel. v. Harvey, 8 Oh. Circ. Ct. 599; People ex

rel. v. Lord, 9 Mich. 227; Attorney-General v. Burnham, 61 N. H. 594; Opinion to Governor, 25 Fla. 427; State ex rel. v. Murphy, 32 Fla. 138; People v. Hardy, 8 Utah 68; Tillson v. Ford, 53 Cal. 701; State ex rel. v. Chatburn, 63 Iowa 659; Peters v. State Board of Canvassers, 17 Kan. 367; Marshall v. Horwood, 5 Md. 423; Fant v. Gibbs, 56 Miss. 396; Rodwell v. Rowland, 137 N. C. 617. (2) The words "until his successor shall have been duly elected and qualified," whether used in constitutions or statutes, mean that the appointee is to hold the office until an election appertaining to that office is held at which a successor is elected by the people and the qualification of the person elected by giving bond and taking the oath. State ex rel. v. Perkins, 139 Mo. 106; State ex rel. v. Chatburn, 63 Iowa 659; Mechem's Pub. Off., sec. 395; Hench v. State, 72 Ind. 297; Opinion to Governor, 25 Fla. 427; State ex rel. v. Mechum, 31 Kan. 435; Hagerty v. Arnold, 13 Kan. 367; People ex rel. v. Lord, 9 Mich. 227; People v. Palmer, 91 Mich. 283; Loomis v. Coleman, 51 Mo. 21; State ex rel. v. Manning, 84 Mo. 661; State ex rel. v. Conrades, 45 Mo. 47; State ex rel. v. Seay, 64 Mo. 89; Beale v. State ex rel., 49 Ind. 41; State ex rel. v. Ewing, 17 Mo. 515. (3) The statute can neither lengthen nor shorten the tenure fixed by the Constitution. McCrary on Elections, sec. 351; People v. Rosborough, 14 Cal. 180; Howard v. State ex rel., 10 Ind. 99; Commonwealth v. Gamble, 62 Pa. St. 343; People ex rel. v. Ballou, 23 Ill. 547; State ex rel. v. Thomas, 10 Kan. 159; Meredith ex parte, 33 Gratt. (Va.) 119; State v. Hutson, 1 McCord (S. C.) 240; Griebel v. State, 111 Ind. 375; Peters v. State Board of Canvassers, 17 Kan. 367; People v. Knopf, 198 Ill. 340; State ex rel. v. Hall, 67 Oh. St. 303; People v. Fitzgerald, 180 N. Y. 269; State ex rel. v. Plasters, 105 N. W. 1092; People ex rel. v. Bull, 46 N. Y. 58—a very illuminating case; People v. Campbell, 138 Cal. 11. (4) The

word "until" is a word of limitation. State ex rel. v. Perkins, 139 Mo. 109; People v. Fitzgerald, 180 N. Y. 274. (5) Where the office is an elective one, the reason for the use of the words "until a successor shall have been duly elected and qualified" is apparent. It is against the policy of the law that a public office should remain vacant. The office being elective, the people can fill a vacancy therein only at an election. The constitutional provision (sec. 11, art. 5) contemplates no special elections to fill vacancies, but it does provide for a general election to be held on the first Tuesday after the first Monday in November of all even-numbered years. Sec. 1, art. 8. And section 9203, Revised Statutes 1899, makes the office of collector elective. The purpose of the Constitution, therefore, was that the vacancy should be filled by appointment until the people had an opportunity, in an orderly and regular way (as indicated by the word "duly"), to fill the vacancy by electing some one thereto, who should fill out the balance of the unexpired term. Rodwell v. Rowland, 137 N. C. 622; State ex rel. v. Cobb, 2 Kan. 55; Jones v. Sizemore, 117 Ky. 810. (6) Where doubt exists as to the tenure of one appointed to fill a vacancy in an elective office, the interpretation is to be followed which limits it to the shortest time, and returns to the people at the earliest period the power and right to refill it. Opinion of Judges, 114 N. C. 929; Rodwell v. Rowland, 137 N. C. 623; Wright v. Adams, 45 Tex. 134. (7) The statutes do not extend respondent's tenure to the first Monday in March, 1907. Section 9267, Revised Statutes 1899, is to be considered an exception to section 7028, and it extends the tenure of "all collectors appointed . . . to fill vacancies" only to the qualification of their successors. State ex inf. v. Dabbs, 182 Mo. 359. (8) An extended examination of the original bills in the office of the Secretary of State and of the Session Laws has convinced us that neither sec-

tion 7028 nor section 9267 was enacted in the manner
required by the Constitution, and for that reason both
sections are invalid.  Section 7028 is first found in the
Revised Statutes of 1879, as section 5527.  It appears
in the Revised Statutes of 1889 as section 4705.  Neither
the article nor the chapter of which it forms a part was
a revised bill in the Revised Statutes of 1889, nor was
either a part of a revised bill in the Revised Statutes
of 1899.  Hence, it comes to us with exactly the validity
it had in the Revised Statutes of 1879, no more no less.
The mere printing of it in the Revised Statutes of 1889
and of 1899, did not add to its validity, nor take from
its validity.  Bowen v. Railroad, 118 Mo. 545; Bran-
nock v. Railroad, 200 Mo. 561.  Section 5527, Revised
Statutes 1879, is a part of a revised bill, and that bill
appears as chapter 101 of Revised Statutes of 1879.
That chapter is headed "Of Elections."  It has 85 sec-
tions.  The bill is entitled, "An act to amend and re-
vise chapter two, title two of the General Statutes of
Missouri concerning Popular Elections."  Chapter 2,
page 59, of General Statutes of 1865, is headed "Of
Popular Elections."  Section 46 of that chapter (p. 65,
G. S. 1865) provides for the filling of vacancies in the
office of judge of the Supreme Court, Circuit Court,
Secretary of State, State Auditor, State Treasurer,
Register of Lands, Attorney-General, Circuit Attorney,
Assistant Circuit Attorney, judge of the criminal and
judge of the probate court of St. Louis county, but it
says nothing about a vacancy in office of any county offi-
cer, and it is a very different statute from section 7028.
There is no provision in that chapter in reference to
filling vacancies in county offices.  It provides that in
case of vacancy in any of said offices named, the Gov-
ernor, if such vacancy "occurred more than twelve
months before a general election for such officer, shall
issue his writ of election to fill such vacancy.  If such
vacancy shall occur less than twelve months before

a general election for said officer, such vacancy shall be filled by appointment by the Governor, and the person so appointed to such office shall hold his office until his successor shall be elected and qualified." This revised bill makes a radical change in the existing law. Section 5527 of this revised bill took out of the hands of the county court the power to fill vacancies in the office of county collector, assessor and other county offices, and vested that power in the Governor. That of itself was a radical change. It extended the tenure of all persons appointed to fill vacancies, which the existing law terminated upon the election and qualification of their successors, to at least the first Monday in January after the election of their successors, in all cases, and in some cases to the first Monday in March, and it made that extended tenure applicable to all appointees, whether to fill vacancies in a State or a county or a judicial office. That was another radical change, and conferred a privilege of tenure upon an appointee that was not then enjoyed by any officer appointed to fill a vacancy. It took away from the people the right to fill by special election a vacancy in any State or judicial office, if the vacancy occurred more than twelve months before the next general election "for such officer," and vested in the Governor the right to fill the vacancy, not only until the next general election, but until the first Monday in January thereafter or longer. That was another radical change. The existing law made the tenure of the appointee, in all cases, terminate with the election and qualification of his successor; this statute made his tenure extend at least to the first Monday in January after the election and qualification of his successor. That was another radical change. This section of the statute was made applicable to all offices in any county except sheriff, coroner and representative, and thereby affected a large class of public functionaries, and there is nothing in the title of the

act of which it is a part to indicate that any change in
the power of the county court or the mayor of St. Louis
to fill vacancies was contemplated by the act; and that
the revisers themselves did not understand that it ap-
plied to county collectors is shown by the fact that by
section 6792 of the Revised Statutes of 1879 the county
courts and mayor are still given power to fill vacancies
in the office of collector of the revenue, and that section
has been carried forward without change into the re-
vision of 1889 (R. S. 1889, sec. 7647) and into the revis-
ion of 1899 (R. S. 1899, sec. 9267). Chapter 2, title 2,
General Statutes 1865, said nothing about the filling
of vacancies in county offices, nor did the act of 1872,
nor the act of 1875, nor the acts of 1877, which were in-
corporated in the revised bill which became chapter 101,
Revised Statutes 1879. Vacancies in county offices had
been provided for by other statutes, those in the offices
of collector and assessor by the chapter on Revenue;
and nowhere in any election law enacted prior to the
enactment of this revised bill was anything said about
vacancies in county offices; and in no general law was
it provided that the person appointed to fill a vacancy
could hold beyond the election and qualification of his
successor. So that this section 5527 not only made a
radical change in the existing law, but it embraced sub-
jects which had never before been a part of any elec-
tion law, and was in many respects an entirely new en-
actment. Now, the whole question is, can the General
Assembly by a revised bill make so radical a change in
the existing law as is made by section 5527, now sec-
tion 7028? If it can, then the Legislature has an un-
limited and unrestricted power to enact any law it
wishes to enact, by incorporating it in a revised bill.
If it can, then the restriction found in section 28, arti-
cle 4, Constitution, that "no bill shall contain more than
one subject, which shall clearly be expressed in its ti-
tle," has no application to revised bills, but is to be ap-

plied only to bills which undertake to enact a new law or by separate enactment to amend an existing law. To make that distinction would be unreasonable. New bills introduced in the regular order by a member of his own motion, whether to enact a new or to amend an existing law, are often short, and do not embrace more than one subject. That is their usual characteristic, and would be were not section 28 a part of the Constitution. But revised bills often contain a large number of sections, yet they can be given a short title that refers to the subject-matter of each, for their purpose is to unify, harmonize, correct and perfect "the statute laws of a general nature," and not to bring forward for consideration new legislation or a radical change in existing law. If such legislation and radical changes can be made by a revised bill—if the title to that bill does not need to indicate the radical change it makes— then the purpose of section 28 is destroyed; it can easily be circumvented by the skillful or unscrupulous legislator, and the most important legislation can be enacted without any notice in the title either to members of the General Assembly or to the people. A reasonable construction of section 28 would require the title to a revised bill to give some sort of indication of what is embraced in the bill, and make it apply to revised bills as well as to other bills; and a reasonable construction of section 28 and of section 41 of the same article, by which is given the General Assembly's power to revise "the statute laws of a general nature," would exclude from a revised bill everything that is in the nature of a new enactment or that makes a radical change in existing statutes. There is nothing in the Constitution that says the provisions of section 28 in reference to the title to an act shall not apply as well to revised bills as to other bills. It should, as to revised bills, be so construed as to afford a workable basis, but a workable basis does not mean that it can be entirely

ignored. State ex rel. v. County Court, 102 Mo. 531. A title that indicates a revision of the general election laws does not give notice of a provision for filling vacancies in office or of a change in the officer's tenure. State ex inf. v. Lincoln Trust Co., 144 Mo. 595. This court has never yet decided just what may be embraced in a revised bill, and in consequence it is difficult to cite authorities exactly in point. But the following may somewhat aid the court in passing on the question here raised: Secs. 28, 34, 41, art. 4, Mo. Constitution; State ex rel. v. County Court, 102 Mo. 531; Langston v. Canterbury, 173 Mo. 129; State ex rel. v. Heidorn, 74 Mo. 410; State ex rel. v. Woodson, 128 Mo. 497; State v. Great Western Coffee & Tea Co., 171 Mo. 634; Lewis v. Dunne, 55 L. R. A. 833; State v. Sholl, 58 Kan. 507; Shively v. Lankford, 174 Mo. 543; Stuart v. Kinsella, 14 Minn. 524; Wulftange v. McCollum, 83 Ky. 361; Dolese v. Pierce, 124 Ill. 140.

*H. J. West* for respondent.

(1) Sec. 11, article 5, of the Constitution, providing that: "When any office shall become vacant, the Governor, unless otherwise provided by law, shall appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed and qualified according to law," was meant to enlarge and not restrict the tenure of office otherwise provided. Its purpose was to prevent vacancies in office. State ex rel. v. Thompson, 38 Mo. 192; State ex rel. v. Smith, 87 Mo. 158; State ex inf. v. Smith, 152 Mo. 512; People ex rel. v. Potter, 47 N. Y. App. 375. (2) By the express terms of section 11, article 5, of the Constitution its provisions are only to be applied when no other provision is made by law; so if section 7028, Revised Statutes 1899, does make other provision, then that provision of the Constitution does not apply. State ex inf. v. Lund, 167 Mo. 228. (3) The office of collector

of the revenue is a statutory office. Being the creature
of the statute, the legislative department had the con-
stitutional right, under terms of section 14 of article 9
of the Constitution, to prescribe the term of office
(which could not exceed four years) and how the officer
should be chosen. It had the right to prescribe how,
by whom and for what term officers should be chosen
to fill vacancies, as well as for the regular term. It was
authorized to provide either for the election or appoint-
ment of the officer; and did provide that the officer for
the regular term should be elected, and that vacancies
should be filled by appointment by the Governor, and
that the person so appointed should be entitled to hold
the office until the beginning of the succeeding term.
Sec. 11, article 5 would still be effective and would en-
title the appointed officer to hold after the beginning
of the succeeding term, if his successor had not been
elected and qualified according to law. State ex rel. v.
Lusk, 18 Mo. 332; Advisory Opinion upon the Election
of Circuit Attorneys, 38 Mo. 419; State ex rel. v. Davis,
44 Mo. 129; Magner v. St. Louis, 179 Mo. 495; People
ex rel. v. Comstock, 78 N. Y. App. 356; Long v. Mayor,
etc., of New York City, 81 N. Y. App. 425; State ex rel.
v. Stonestreet, 99 Mo. 361. (4) Wayland was elected
to the office of collector of the revenue for a term of
four years, beginning the first Monday in March, 1907;
and until that term begins he is not entitled to the office.
State ex rel. v. McGovney, 92 Mo. 428. (5) If it be
said that Wayland was elected only for the unexpired
portion of the term ending the first Monday in March,
1907, we answer that no such election is provided for
by law. An election not provided for by law is equal to
no election. State ex rel. v. Jenkins, 43 Mo. 261; State
ex rel. v. Dabbs, 182 Mo. 359. (6) If it be said that he
was elected for the regular term, ending four years
from the first Monday in March, 1907, with the right
to assume the office prior to that date, we answer that

his term would be longer than the constitutional limit of four years. Sec. 14, art. 9, Constitution. (7) The uniform legislative construction of section 11, article 5 of the Constitution has been in accord with the views here expressed. Secs. 503, 511, 1652, 1387, 7596, 7835, 9572, 10379, 10470, R. S. 1899; Railroad v. Brick Co., 85 Mo. 307; State ex rel. v. Stonestreet, 99 Mo. 361. (8) If a doubt exists as to whether or not section 7028 is constitutional, that doubt should be resolved in favor of its validity. State ex rel. v. County Court, 51 Mo. 82; State ex rel. v. Aloe, 152 Mo. 466; State v. Cantwell, 179 Mo. 245; State v. Tower, 185 Mo. 79; Riesterer v. Land & Lumber Co., 160 Mo. 141; State ex rel. v. Mead, 71 Mo. 266.

GANTT, J.—This is a proceeding instituted in the circuit court of Chariton county by the Attorney-General of Missouri, at the relation of Cecil Wayland, against Edward Walter Herring, to determine the respective rights and claims of said Wayland and Herring to the office of collector of revenue of said county.

Herring's claim to the office is by appointment made by the Governor on the 6th day of April, 1906, to fill a vacancy. Wayland was elected to the office at the general election on the 6th day of November, 1906, and thereafter qualified, and on the 11th day of December, 1906, demanded the office of Herring who refused to turn it over.

The pleadings consist of the information of the Attorney-General in the nature of a writ of *quo warranto*, setting out Herring's appointment by the Governor to fill the vacancy on April 6, 1906, his qualification for and incumbency of the office; the election of Wayland at the general election on November 6, 1906, his qualification and demand for the office on December 11, 1906, and Herring's refusal to turn it over, together with a charge that Herring had intruded into, usurped

and unlawfully exercised the functions of the office, and a prayer that he be ousted therefrom; and a demurrer thereto filed by the respondent.

The trial court sustained the demurrer; and, the relator declining to plead further, rendered judgment for the respondent; and from this judgment relator has appealed to this court.

The question at issue is: Who is entitled to the office from the time of Wayland's qualification until the first Monday in March, 1907? Respondent claims that he is entitled to hold by virtue of the appointment of the Governor until the first Monday in March, 1907, basing his claim upon a number of constitutional provisions. The collector's office is of statutory, not constitutional, origin. No such office is mentioned in the Constitution. It was created by the Legislature by authority of section 14 of article 9 of the Constitution, which is as follows: "Sec. 14. *Extra officers, Duties and Terms.*—Except as otherwise directed by this Constitution, the General Assembly shall provide for the election or appointment of such other county, township and municipal officers as public convenience may require; and their terms of office and duties shall be prescribed by law; but no term of office shall exceed four years."

Deriving its authority from this provision of the Constitution, the Legislature has created the office of collector of revenue, provided what the term of office shall be and how the officer shall be chosen. By the amendment by the session of 1905, the term is four years. [Laws 1905, p. 272.] This section as amended reads as follows: "Section 9203. *The Collector and his term of office.*—The offices of sheriff and collector shall be distinct and separate offices in all the counties of this State, and at the general election in 1906, and every four years thereafter, a collector, to be styled the collector of the revenue, shall be elected in all the counties of

this State, who shall hold their office for four years and until their successors are duly elected and qualified: Provided, that nothing herein contained shall be so construed as to prevent the same person from holding both offices of sheriff and collector."

Also deriving its authority from the above provision of the Constitution, the Legislature has provided that the collector's office shall expire on the first Monday in March of the year in which he is required to make his final settlement for the tax book which was to be collected by him. [Sec. 9267, R. S. 1899.] This would necessarily mean the first Monday in March succeeding the election for the office of collector. If a collector were elected at the general election in November, 1906, as the above statute provides for, the last tax book to be collected by the old collector would be the tax book for the year 1906, and he would be required to make his last final settlement at a term of the county court to be held on the first Monday in March, 1907. [Sec. 9247, R. S. 1899.] Also deriving its authority from the above provision of the Constitution, the Legislature has provided that when a vacancy occurs in the office of collector it shall be filled by the appointment by the Governor, and that the person appointed shall hold the office until the beginning of the succeeding term. [Sec. 7028, R. S. 1899.] This section is as follows: "Section 7028. *Vacancies, How Filled.*—Whenever any vacancy, caused in any manner or by any means whatsoever, shall occur or exist in any state or county office originally filled by election by the people, other than the office of lieutenant-governor, state senator, representative, sheriff or coroner, such vacancy shall be filled by appointment by the Governor; and the person so appointed shall, after having duly qualified and entered upon the discharge of his duties under such appoint-

ment, continue in such office until the first Monday in January next following the first ensuing general election—at which general election a person shall be elected to fill the unexpired portion of such term, or for the ensuing regular term, as the case may be, and shall enter upon the discharge of the duties of such office the first Monday in January next following said election: *Provided*, however, that when the term to be filled begins or shall begin on any day other than the first Monday in January, the appointee of the Governor shall be entitled to hold such office until such other date.''

Relator claims that these enactments of the Legislature are in conflict with section 11, article 5 of the Constitution, which is as follows: "Sec. 11. *Vacancy in Office—Governor May Fill.*—When any office shall become vacant, the Governor, unless otherwise provided by law, shall appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed and qualified according to law," and that sections 7028 and 9267 were not enacted as required by the Constitution. He claims that just as soon as he was elected and qualified for the office respondent's term was ended, and he was entitled to assume the office.

I.  There is no dispute that there was a vacancy in the office at the time the Governor appointed Herring thereto.  The demurrer admits that Wayland, the relator, was elected at the November election in 1906; that he possessed all the qualifications required by the statutes and the Constitution to be possessed by a collector of the revenue of the county, and that in due time he qualified in the manner required by law. Addressing ourselves to the contention of the relator that section 7028, Revised Statutes 1899, is unconstitutional and in conflict with section 11 of article 5 of the Constitution, we find that the first ground of this

contention is that the subject of the bill of which section 7028 constitutes a part, is not clearly expressed in its title. The title to that bill is, "An Act to amend and revise chapter 2, title 2 of the general statutes of Missouri concerning popular elections." This identical objection to this section was made in Mead's case, 71 Mo. 266. At that time it was numbered 5527, R. S. 1879. In that case it was said that the section was in entire harmony with the title, because there was an obvious connection and congruity between the idea expressed in the title, "Concerning popular elections," and that of providing for filling, by gubernatorial appointment, vacancies temporarily occurring in offices filled in the first instance by an election and to be so filled again when the temporary exigency ceased to exist. That case has so often met the unqualified approval of this court on the subject of sufficiency of titles to legislative enactments within the meaning of section 28 of article 4 of the Constitution of this State, that we forbear further discussion. We think the objection is untenable.

It is also urged that said section is unconstitutional because it was first enacted as a part of a revised bill. This insistence seems to be predicated upon section 41 of article 4 of the Constitution, which says: "All the statute laws of a general nature shall be revised, digested and promulgated," every ten years, and that therefore the Legislature could not make so radical a change of the law in a revised bill as was made by section 7028. When it is considered that a revised bill is passed with all the formality required for the enactment of any other law, is required to be read just as many times, authenticated in the same way and receive the Governor's approval in the same manner as any other bill, we are not impressed with the strength of this objection. Having reached the conclusion that the title to this bill was entirely sufficient under sec-

tion 28 of article 4 to support section 7028, the fact that it was passed in a revised bill covering the whole subject of popular elections and the filling of vacancies, in our opinion in no manner impairs its validity as a constitutional law.

Again it is urged that both section 7028 and 9267 are unconstitutional, because each of said sections was enacted as an amendment to the previous law on that subject, in that, the act in which said amendments appear for the first time, did not comply with the constitutional provision found in section 34 of article 4, by setting forth the words stricken out of the old statute, or the words inserted in lieu thereof in the new, but in each instance the statute as amended was set forth in full.    Section 34 of article 4 provides:    "No act shall be amended by providing that designated words thereof be stricken out, or that designated words be inserted, or that designated words be stricken out and others inserted in lieu thereof; but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof together with the act or section amended, shall be set forth in full as amended."    This section of the Constitution has been before this court for consideration on a number of occasions, and the objection now made to these sections has often been made.    In State v. Chambers, 70 Mo. l. c. 628, it was said:    "The object of the prohibition from making amendments in such a way was to prevent the laws from becoming involved in the confusion which would necessarily result from such legislation; and to prevent the inconvenience it would occasion of hunting through various books to find the act amended and then apply to it the amendatory act to ascertain what the law as amended was. To prevent this it requires the entire act, when the amendment relates to the entire act, to be set forth in full, or when the amendment relates only to certain sec-

tions of an act to be amended, that only the sections as amended should be fully set out.'' That ruling was followed in Morrison v. Railroad, 96 Mo. 602, where it was held: ''Section 34 of article 4 of the Constitution of 1875 does not require that an amendatory act should state that certain words of a specific section are stricken out and others inserted, and then set out in full the section as amended. It is sufficient if the section as amended be set out in full.'' In Cox v. Railroad, 174 Mo. l. c. 601, this same question was again before this court and the construction given in the foregoing cases was adhered to and declared to be the settled law of this State. Accordingly, this point also must be ruled against the relator.

We are thus brought to the main proposition urged by the learned counsel for the relator, namely, that section 7028 is invalid for the reason that it is in conflict with section 11 of article 5 of the Constitution, which ordains, ''When any office shall become vacant, the Governor, unless otherwise provided by law, shall appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed and qualified according to law.'' Relator's contention is that the respondent Herring, the Governor's appointee, under section 11 of article 5, could hold the office of collector of Chariton county until relator Wayland was elected at the general election in 1906, and qualified according to law, and no longer, and that the Legislature had no power by section 7028, Revised Statutes 1899, or any other statute, to extend the tenure of respondent to said office beyond the time of the election and qualification of his successor, because to do so would be an enlargement of the constitutional limitation. The respondent does not controvert the proposition that a statute can neither lengthen nor shorten the tenure of an office when it is fixed by the Constitution, but he says that sections 7028

and 9267 are perfectly constitutional enactments and by virtue of 7028 respondent was entitled to hold the office under his appointment until the first Monday in March, 1907, and that section 7028 does not contravene the constitutional provision in section 11, article 5, when properly construed.

The framers of our Constitution when they drew section 11, article 5 thereof, were considering vacancies in public offices; they foresaw that for various reasons such vacancies were inevitable, and in order to prevent and provide for these vacancies as far as possible in order that the public good should not suffer thereby, they framed this section, and gave to the Governor the power to fill these vacancies when they were not otherwise provided for by law. When this vacancy occurred in the office of collector of the revenue in Chariton county, the condition existed which authorized the Governor to fill it by appointment. Whether we look to section 11 of article 5 of the Constitution or to section 7028, Revised Statutes 1899, for authority to fill the vacancy, we find that it is vested in the Governor. The obvious purpose in conferring this authority upon the Governor was to prevent any interregnum in the office, and to have some person always authorized to discharge its duties. The language of the Constitution is: "He shall appoint a person to fill such vacancy." Giving these words their natural significance, and it has often been held that the word, "vacancy" has no technical meaning, but must be understood with reference to the context in which it is found, they import that the appointee of the Governor would be entitled to hold the office until the end of the term in which the vacancy occurs. And when the additional words of the section, to-wit: "Shall continue in office until a successor shall have been duly elected or appointed and qualified according to law," are considered, we think the obvious purpose was to ex-

tend the appointee's tenure after the end of the term in which the vacancy occurred until everything has been done which is required by law to give title to the office to another person. The office of collector of the revenue is a statutory office, an office which the Legislature under the express language of section 14 of article 9 of the Constitution was authorized to create and to prescribe the term of the incumbent thereof, which should not exceed four years, and how the officer should be chosen.   As said by Judge Scott, in State ex rel. v. Lusk, 18 Mo. 333, the General Assembly "may take the appointing power from the Governor, and the power of filling vacancies in such cases may be conferred on others than the executive.   In the exercise of the power to create offices, they may declare when they are vacant and who shall fill the vacancies."   As the Constitution does not forbid, but expressly authorizes the Legislature to create the office of collector of revenue, it may prescribe how it shall be filled.   By section 9203 as amended by the Act of 1905, the Legislature provided for the election of a collector of the revenue in all the counties of the State at the general election in 1906, and every four years thereafter, and by section 7028 it provided for the filling of a vacancy in said office by appointment by the Governor and provided further that "the person so appointed shall, after having duly qualified and entered upon the discharge of his duties under such appointment, continue in such office until the first Monday in January next following the first ensuing general election—at which said general election a person shall be elected to fill the unexpired portion of such term, or for the ensuing regular term, as the case may be, and shall enter upon the discharge of the duties of such office the first Monday in January next following said election:  Provided, however, that when the term to be filled begins or shall begin on any day other than the

first Monday in January, the appointee of the Governor shall be entitled to hold such office until such other date." · Now, it is alleged in the petition, that on Tuesday the 6th day of November, in the year 1906, the relator, Wayland, was elected to the office of collector of the revenue of Chariton county, received a certificate of his election thereto, in proper and due time executed and filed his bond in the amount fixed by the statute, which was approved by the county court of Chariton county and by the State Auditor, and took the oath prescribed by law to be taken by collectors of the revenue, and on the 19th day of November, 1906, a commission was issued to him by the Governor, by which he was commissioned collector of the revenue of said county.    Now, by virtue of the amendment of 1905 to section 9203, the term of his office was four years, and by section 9267, the collector's office expires on the first Monday in March of the year in which he is required to make his last final settlement for the tax book, which was to be collected by him, necessarily meaning the first Monday in March succeeding the election for the office of collector, consequently under these various legislative enactments, relator's term of office would begin on the first Monday in March, 1907, and the respondent's right to hold the office by his appointment from the Governor would cease on that day.    But it is said by relator that respondent has no right to assume that relator was elected for the term beginning on the first Monday in March, 1907, and for no other term.    It is plain that he was elected either for the full term or the unexpired term; he could not have been elected to two terms.    As we have already seen, the regular term had a day certain of beginning and a day certain for ending.    It began on the first Monday in March, 1907, and ended four years later.    It is not alleged in the information that relator was elected for an unexpired term, and section

9203 makes no provision for the election of a collector for an unexpired term. The only authority for electing a collector for an unexpired term is found in section 7028, but by the express provision of that section it would make no difference whether relator was elected for an unexpired term or for a regular term, as in either event, his term has a definite and certain date of beginning, to-wit, the first Monday in March, 1907, and until that date arrived, he was not entitled to assume the duties of the office. But we take it any way that a fair construction of the relator's petition means that he was elected for the regular term at the general election in 1906, and not for any unexpired term. Certain it is that the statute did not provide for the election of two officers for the same office, one for the unexpired and one for the ensuing regular term, and we can hardly think that relator desires us to hold that he was elected for a term ending March the first, 1907. Moreover, if relator's contention is correct, that he was entitled to this office as soon as he was elected, and that it continued for four years from the first Monday in March, 1907, his term would be longer than four years, which is expressly prohibited by section 14 of article 9 of the Constitution.

As the Legislature was given the power by section 14 of article 9 to create this office and prescribe the length of the term thereof and the duties of the incumbent, as said by Judge SCOTT, they had the power to deprive the Governor of the appointing power and could have conferred the power of filling vacancies on others than the executive. In the exercise of the power to create the office they could declare when it was vacant and who should fill the vacancy, and by the provisions which we have cited they have created the office of collector of the revenue, and prescribed the term and the duties thereof, and have provided for the filling of vacancies, all within the constitutional power of the

General Assembly, and this being so, they have provided by law for all the contingencies that have arisen in this case within the meaning of section 11 of article 5, and when the Governor made his appointment of the respondent in this case he was acting under and by virtue of the provisions of section 7028, and that section did not impinge upon his constitutional authority. There has been a uniform legislative construction of section 11 of article 5 of the Constitution since its adoption. That construction has been that the Legislature could not only provide who should make appointments to fill vacancies in office, but might also prescribe the term of the persons so appointed to fill vacancies whether made by the Governor or some other officer or body. While courts are not bound to follow legislative construction, yet when such construction has been contemporaneous and long continued, it is entitled to great weight. [Railroad v. Brick Co., 85 Mo. l. c. 332; State ex rel. v. Stonestreet, 99 Mo. 361; 6 Am. and Eng. Ency Law, 931.]

In State ex rel. v. McGovney, 92 Mo. 428, there was a contest between Prewitt and McGovney over the office of treasurer of Vernon county. McGovney was elected at the November election, 1884, and Prewitt in 1886. At the same election at which Prewitt was elected the county adopted the township organization law. During McGovney's term (Laws 1885, p. 108), the statute fixing the treasurer's office at two years was amended by adding the proviso: "That in counties having adopted, or which may hereafter adopt, township organization, the term of office of said treasurer shall be extended to the first day of April next after the election of his successor." The question was whether McGovney had a right to hold over until the first Tuesday in April, 1887, it being contended by Prewitt that this amendment was in conflict with section 8, article 14, of the Constitution, which provides

that the term of no office shall be extended for a longer period than that for which such officer was elected or appointed. It was held that the statute was not in conflict with the Constitution and that Prewitt was not entitled to the office until the first Tuesday in April. On the question of when Prewitt would be entitled to the office the court said: "Mr. Prewitt's term does not begin until April, and by express provision of the Constitution and the statute, McGovney holds until that time." The provision of the Constitution here referred to is section 5 of article 14 of the Constitution which reads: "In the absence of any contrary provision all officers now or hereafter elected or appointed, subject to the right of resignation, shall hold office during their official terms, and until their successor shall be duly elected and qualified." The statutory provision in section 8847, Revised Statutes 1899, is to the same effect. The reasoning in that case would seem to control in this.

Learned counsel for the relator have with great industry collected cases from the courts of last resort in a number of the States in the Union, but the length of this opinion forbids that we shall review them *seriatim.* The brief indicates great research and discrimination in the selection of these cases, and we have read them with much interest, but a critical examination of the statutes themselves and of the constitutions under which they were drawn will, we think, demonstrate that there is a difference in the language of the constitutional provision upon which the cases are decided. In a number of them the law provides for the election of a successor for the unexpired term, or the office is one the beginning of the term of which is not definitely fixed by law, and one which the officer elected or appointed to is entitled to assume immediately upon his election or appointment and qualification. But we find no case which holds that where an

officer, as the relator in this case, has been elected to a term of office which had a definite and certain date of commencement, he should be adjudged to be entitled to that office before that date.    And we find no case which under a constitutional provision like our section 14 of article 9 conferring express power upon the Legislature to create statutory offices has denied the Legislature the right to provide for the filling of the vacancies in such offices as has been done in this State by section 7028, Revised Statutes 1899.

Our conclusion is that section 7028 does not contravene the Constitution of this State, but finds ample support in section 14 of article 9 thereof, and that it in no manner conflicts with section 11 of article 5, which provides only for the filling of vacancies when no other provision is made by law.

The judgment of the circuit court is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.