The information is in three counts: The first charges that the defendant, on September 22, 1922, unlawfully had in his possession a still and worm used and fit for use in the production of intoxicating liquors; the second, that on the same day be unlawfully had in his possession certain intoxicating liquors potable and fit to be used as a beverage, which contained more than one-half of one per cent. of alcohol per volume; the third count, charging that defendant manufactured intoxicating liquors, was dismissed before the trial. The jury found the *Page 713 
defendant guilty on the first and second counts, assessing his punishment on the first at a fine of $150 and three months in the county jail, and a fine of $100 on the second count. An appeal was allowed to the Kansas City Court of Appeals where the cause was transferred to this court because the appeal involved the construction of sections 11 and 30 of article 2 of the Constitution.
Under a warrant issued by the clerk of the circuit court on September 15, 1922, on the order of the circuit judge, the sheriff searched the defendant's dwelling house and seized a copper still, coil, some whisky, and destroyed several barrels of mash. Before the trial the defendant filed a petition praying for the restoration of the property seized, alleging that the warrant was unlawfully issued, and the search and seizure thereof in his private dwelling were in violation of certain sections of our Constitution. This petition was beard and overruled on October 20, 1922. No exception was saved to this ruling of the court. A motion to quash the information was overruled on the same day, and no exception was saved thereto. The petition and motion each severally alleged substantially the same grounds as set forth in the petition and motion in the companion case. State v. William Goetz, 253 S.W. 710.
1. An exception to a ruling of the court must be taken at the time it is made, otherwise it cannot be reviewed on appeal. Exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may, by an order entered of record, allow. Section 1460, R.S. 1919.
2. In the bill of exceptions there is this recitation:
"After the swearing of the jury comes now the defendant and renews his petition for restoration of property heretofore filed and submitted to the court."
This was overruled, and the defendant excepted.
The question upon the petition had been ruled adversely to the defendant when the evidence was heard. No exception was taken to this ruling. It was a closed incident. When the cause came on for trial it was too late for the defendant to reopen the issues upon the petition, and the court very properly refused to do so. It was then too late to inquire into the propriety of the seizure of the still and whisky or of their admissibility in evidence at the trial already entered upon. State v. Sharpless, 212 Mo. 176, 193,111 S.W. 69. The constitutional questions presented by the petition for the restoration of the property seized by the sheriff therefore cannot be considered on this appeal.
3. The motion to quash the information charged generally, inter alia, that section 6956, R.S. 1919. is in violation of section 22 of article 2 of the Constitution of Missouri, and that said section is in violation of the Eighteenth Amendment to the Constitution of Missouri(?) and for the further reason that said constitutional amendment does not prohibit the possession of intoxicating liquors.
It is apparent that these allegations are mere conclusions and are insufficient to raise any constitutional questions for our consideration. See State v. William Goetz, supra. However, since the bill of exceptions fails to show that the defendant excepted to the overruling of the motion, it must therefore be treated as having been abandoned and cannot be made the ground of a motion for new trial.
4. In the motion for new trial it is alleged that the court erred in admitting in evidence a bottle and its contents, which was in violation of defendant's constitutional rights. In paragraph 7 it is said that section 6595, R.S. 1919. on which the information is based, is inconsistent and void for the reason that it is in conflict with section 30 of article 2 of the Constitution of Missouri. These contentions were included in the petition for the restoration of the defendant's property, and cannot be revived in the motion for new trial. But these averments are also mere legal conclusions.
The eighth ground in the motion for new trial is:
"Because the court erred in giving instructions Nos. 4, 5 for the state, for the reason that section 6602, Revised Statutes of Missouri 1919, is unconstitutional and in conflict with the Eighteenth Amendment of the Constitution of the United States, for the further reason that said section 6602 undertakes to prevent the Legislature of this state from legislating on the question of defining intoxicating liquor, which is in violation of the Constitution of Missouri."
A general objection was made to the giving of these instructions; no objection was made on the ground here first assigned. The objection not having been made at the trial, it cannot be made by injecting it into the motion for new trial. Hartzler v. Met. St. Ry. Co., 218 Mo. 562, 117 S.W. 1124, and Miller v. Connor, 250 Mo. 677, 684, 157 S.W. 81, where the cases are reviewed. In the latter case, Judge Lamm, at page 683, of 250 Mo. at page 83 of 157 S.W. said:
"In order to bring an appeal within our jurisdiction on a constitutional ground, it must appear that a constitutional construction was essential to the determination of the case."
It is apparent that a construction of section 6602 is not necessary to a consideration of this appeal. The objection strikes at the proviso of the section, which reads:
"Provided, however, that when the above mentioned phrases, `intoxicating liquor,' or `intoxicating liquors,' are hereafter defined in the laws of the United States, then such definition by Congress shall supersede and take the place of the definition of said phrases in this section *Page 714 
and shall apply to the provisions of this article with the same force and effect as if the same were written herein."
This proviso anticipates that Congress may in the future modify the provisions of the Volstead Act (41 Stat. 305), defining the term "intoxicating liquor." The objection is purely speculative and need not be considered. But it is too plain for argument that section 6602 cannot be amended or affected by congressional legislation.
Section 34 of article 4 of our Constitution declares how a legislative act may be amended. The section as amended must be set out in full. State v. Chambers, 70 Mo. 625, 628; State ex inf. v. Herring, 208 Mo. 708, 724, 106 S.W. 984; 36 Cyc. 970, 1060, et seq. The attempt, therefore, to amend the section by incorporating any subsequent legislation by Congress defining intoxicating liquors was abortive, and the proviso of section 6602 must be held to be a nullity. The proviso is separable. A part of a law may be constitutionally invalid and the remainder of it valid, where the objectionable part may be properly separated from the other. And this is so, although the valid and the invalid may be contained in the same section. State v. Bockstruck, 136 Mo. 335, 38 S.W. 317; State ex rel. v. Gordon,268 Mo. 713, 183 S.W. 160; 36 Cyc, 976. It is apparent that the proviso was not the moving cause for the enactment of the section, and the two parts are not so interwoven as to be interdependent. State ex rel. v. Nast, 209 Mo. 708, 711,106 S.W. 563.
Other assignments in the motion for new trial are mere repetitions and have already been considered. The cause is remanded to the Kansas City Court of Appeals.
RAILEY, C., not sitting.