No. A-5290.  Opinion Filed Jan. 23, 1926.

(242 Pac. 784.)

Robertson & Lillard, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.  This was a conviction for the illegal transportation of corn whisky, with the punishment of plaintiff in error fixed by the jury at a fine of $50 and confinement in the county jail for a period of 60 days. For convenience the plaintiff in error is herein referred to as the defendant.

Two peace officers, who knew the defendant personally, and knew the reputation of the places he frequented, saw the defendant driving about the streets and alley of Oklahoma City in such a manner as to ex-

cite suspicion. Finally he stopped his car at the rear of 14½ South Robinson street, and took from the car two parcels, each in an open paper bag. As he ascended the rear stairway of the building the officers, without a warrant or other process, apprehended and arrested the defendant (just what occurred at this time the record does not exactly disclose) ; whereupon the defendant said, "You got me this time." On inspection by the officers one paper bag was found to contain a bottle of corn whisky and the other a jug of whisky. One of the officers took the defendant into custody, and the other took the whisky to the sheriff to be preserved as evidence.

The defendant offered no evidence in his own behalf, resting his case upon the claim that all of the evidence on the part of the state was obtained by an illegal search and seizure.

The constitutional prohibition against unreasonable searches and seizures was designed to protect and make sacred against invasion the homes of individuals, and to guard against arrests of persons on mere suspicion without a warrant. Under the state of facts disclosed by this record we are unable to say whether this was an attempted arrest upon mere suspicion or whether it was for a misdemeanor perpetrated in the presence of the officers.

Be this as it may, the right to the exclusion of evidence claimed to have been procured by an illegal seizure may be waived, and is waived, where the accused fails to object to its introduction at the first opportunity after he is apprised of the fact that such evidence will be used against him. In this instance from the very nature of things the defendant knew from the beginning that the state's case would stand or fall upon this class of evidence alone. The defendant did not object until after

the state had by proof covered the whole objection. The objection made then came too late. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Committi v. State, 28 Okla. Cr. 380, 231 P. 316; Fields v. State, 31 Okla. Cr. 121, 236 P. 633.

A defendant will not be permitted to speculate on the outcome of the state's case, and, after ascertaining that the state's evidence is of an incriminating nature, then, for the first time, interpose an objection that it was illegally obtained.

The claim of the defendant that the evidence of illegal transportation is not established because no showing was made that the possession of the liquor was illegal is without merit. Under circumstances like this the presumption is that such possession is illegal. If the defendant has the liquor for a legal purpose, that would be an affirmative defense, to be established by the defendant. It would be a violent presumption to hold that this kind of liquor, conveyed in the manner shown in the record, was had for an innocent or legal purpose.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.