WILLIE ROBERTSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed October 26, 1927.

*J. McHenry Jones* and *J. Montrose Edrehi,* of Pensacola, for Plaintiff in Error;

·*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

STRUM, J.—The plaintiff in error, whom we shall designate the defendant, as he was in the court below, prosecuted this writ of error from a judgment convicting him of the unlawful possession of intoxicating liquor.

Prior to his arraignment the defendant moved the court "to suppress all evidence discovered in the search of the defendant's private dwelling house by deputy sheriffs M. D. McArthur and L. B. Morgan," the grounds of said motion being, in substance, that the evidence which forms the basis of this·prosecution was obtained through an unlawful search of the defendant's private dwelling, in that such search was conducted without a search warrant and was not made as an incident to a lawful arrest of the defendant.

In support of that motion, testimony *ore tenus* was taken before the trial judge prior to the impaneling of the jury. From this testimony it appears that the two deputy sheriffs named in the motion were stationed at a recreation place for colored people near Pensacola, where on the evening in question a dance was in progress and where a large number of people had congregated. The officers noticed "a good deal of drinking around the dance hall, and lots of bottles scattered around." They undertook to ascertain the source of supply of the intoxicating liquor. Their attention was directed toward a nearby house by reason of the fact that a large number of people were passing to and from the house, one of such visitors being stopped by the officers and discovered to be in possession of a bottle of intoxicating liquor. By lying down on the porch of the house and looking inside through a crack under the door, and also by a view of the inside of the house through one of the windows, the officers saw the defendant and another person inside the house, the former being engaged in pouring a liquid from a large jug into Coca-Cola bottles, in which it was being dispensed to those calling at the house. The odor of "moonshine liquor" was very strong. One of the officers, while standing outside a window of the house, received direct from the hands of the defendant's companion in the house a small bottle of the liquor. The officers thereupon at the point of a pistol compelled the occupants of the house to admit them thereto, where they arrested the defendant and possessed themselves of the jug and Coca-Cola bottles just mentioned. The jug contained moonshine liquor. The officers had no search warrant. The defendant testified, without contradiction, that the house which was thus scrutinized and entered by the officers was his dwelling house; that he carried on no business there; that it was "just a place where he lived."

and that he had lived there for some time. The foregoing evidence was taken upon the motion to suppress, not upon the issues.

The trial judge denied the motion to suppress, to which order the defendant excepted. Thereupon the defendant was arraigned and pleaded not guilty. A jury was then sworn to try the issues. To support the information, the State introduced as a witness one of the deputy sheriffs previously mentioned, who again described, in the presence of the jury, the conditions at the recreation resort, the manner by which his attention and suspicions were directed toward the house where he found and arrested the defendant, how he and his companion looked under the door and through the window of the house, how they detected a strong odor of moonshine liquor, how they saw the defendant pouring liquor from a large jug into small bottles, and how they then entered and arrested the defendant and the latter's companion and took possession of the liquor and bottles found there. The testimony concerning the circumstances just referred to was substantially the same as the testimony given upon the motion to suppress. This was the only witness for the State. The defendant introduced no evidence whatever upon the issues. In the testimony upon the issues, it does not appear, either by cross examination of the State's witness or otherwise, that the deputy sheriffs were not armed with a valid search warrant when they entered the house in question, nor does it appear that such house was the dwelling of this defendant, or any other person. No objection was made by the defendant to the State's evidence upon the issues, save one objection which was directed to a matter extraneous to the proposition relied on for reversal.

The errors assigned are that the trial court erred in

denying the defendant's motion to suppress the evidence; and in denying the defendant's motion for a new trial. The latter motion was based primarily upon the grounds that the conviction was obtained by the use of evidence which was illegally acquired "and which was properly objected to;" and that the evidence was insufficient to sustain the verdict.

While the defendant in a criminal prosecution has the right to insist that only competent evidence be introduced against him, he may waive that right, and he does waive it by failing to make proper and timely objections. Ordinarily, and subject to certain exceptions not pertinent here, this principle applies to evidence incompetent under constitutional as well as statutory provisions and the general rules of evidence. Martin v. State, 232 Pac. Rep. 966; State v. Hartsfield, 124 S. E. Rep. 629; Sedgwick, Stat. and Const. Law. p. 111; 6 R. C. L. 93; 27 R. C. L. 906; see also as illustrating the principle State v. Dowling, 107 South. Rep. 267. The reasons underlying the rule just stated differ from those which occasion the rule forbidding the waiver by an accused of certain constitutional rights resting upon the public policy of the State as distinguished from a right personal to the accused. State v. Hartsfield, *supra.* Error, if any, in admitting evidence is waived by failure to object thereto. See Webb v. State, 242 Pac. Rep. 784.

Although the defendant, prior to his arraignment, interposed a motion to suppress certain evidence upon the ground that it was procured by means of an unlawful search and seizure, and although the defendant duly excepted to the order overruling that motion, he was not thereby relieved of the duty of objecting to the questioned evidence when it was offered on the trial of the issues if he desired to assign the admission of such evidence as error.

The preliminary interposition of such a motion prior to the trial, and an exception to an adverse ruling thereon, is not tantamount to a proper and seasonable objection to the questioned evidence at the trial upon the issues.

In and of itself, a motion to suppress evidence obtained by illegal means, when interposed prior to arraignment, is not a part of the trial upon the issues. It is a preliminary or ancillary proceeding for the purpose of determining an issue collateral or incidental to the issue raised by the indictment and plea, namely, whether or not the questioned evidence was lawfully obtained by the State. Weeks v. U. S., 232 U. S. 282; 58 Law Ed. 652; L. R. A. 1915-B 834; Ann. Cas. 1915-C 1177. While the evidence taken upon the motion may be resorted to in support of an objection at the trial, the question determined upon such motion has no immediate relation to the issue of the guilt *vel non* of the accused, nor can such evidence be considered in determining the sufficiency of the evidence to support the verdict.

The functions of such a preliminary motion are (a) to test the legality of the search and seizure in advance of the trial upon the issues, thereby enabling the trial judge to determine what ruling should be made if the illegality of the search be offered as an objection to the evidence at the trial; and (b) to establish a foundation for a timely objection at the trial if the motion to suppress be overruled. The necessity, in some instances, for the interposition of the motion prior to trial is found in the rule frequently applied that ordinarily, and subject to certain exceptions (see Amos v. U. S., 255 U. S. 313; 65 Law Ed. 654; Gouled v. U. S., 255 U. S. 298; 65 Law. Ed. 647; Agnello v. U. S., 296 U. S. 20; 70 Law. Ed. 145; Holmes v. U. S., 275 Fed. 49), a court will not halt the trial of the litigation in chief and embark upon the trial of a collateral issue for the

purpose of determining the competency or admissibility of proffered evidence as against an objection that it was procured by illegal means.

Cornelius, in his recent work on Search and Seizure (Sec. 10, p. 59), in discussing the limitations and restrictions upon the doctrine of the inadmissibility of evidence obtained by illegal search and seizure, says: "It is hardly necessary to add that if the evidence is 'admitted without objection,' no error can be predicated thereon even though such evidence may have been illegally obtained." And again, in Sec. 18 (p. 79) of the same work, after calling attention to the fact that it is the safer practice to move, prior to the trial, for the suppression or return of the evidence illegally obtained, the same author says: "If the evidence is not objected to by the defendant 'upon the trial,' even though obtained through an illegal search and seizure, the defendant can not complain upon appeal that the evidence was inadmissible." In Sec. 249, p. 469, of the work just mentioned, the author in discussing the procedure in Federal jurisdictions further says: "The steps which the defendant must take to preserve his rights in the Federal Court are a motion to return the property or suppress the evidence prior to the trial, and if denied, an objection to the evidence when offered on the ground that it was illegally obtained." That the defendant waives his objection to such evidence by not objecting to it in the usual manner when it is offered upon the issues, even though he may have previously questioned its admissibility by a preliminary motion which has been overruled, is held by the Court of Appeals of Kentucky, the court of last resort in that State, in Dukes v. Com., 244 S. W. Rep. 74. At the trial of the case just mentioned, the accused being charged with having possession of intoxicating liquor for the purpose of sale, the warrant under which the search

was made was offered in evidence. The defendant "excepted" to the reading of the warrant and moved to quash it. The motion was overruled and the warrant read. The Commonwealth proceeded with the introduction of the evidence obtained by means of the search, no further objection to such evidence being offered by the defendant. The appellate court held in effect that although the evidence was clearly incompetent if proper and timely objection were interposed thereto, the mere fact that the defendant excepted to the reading of the warrant and affidavit on which it was based, when they were offered in evidence, and moved to quash the warrant, did not render the officer's testimony as to the search and the liquor discovered during the search incompetent evidence, though the search warrant was invalid, such an exception and motion not constituting an objection to such evidence. See also Webb v. State, 242 Pac. Rep. 784; Martin v. State, 232 Pac. Rep. 966; State v. Hartsfield, 124 S. E. Rep. 629; State v. Berry, 253 S. W. Rep. 712; 10 R. C. L. 933. The United States Circuit Court of Appeals, First Circuit, seems to have held the contrary. See Giles v. U. S., 284 Fed. 208.

Notwithstanding the fact that the evidence was illegally obtained, it is admissible unless seasonably objected to at the trial. It is when this objection is made that its admissibility, as distinguished from the question of the legality of the method by which it was acquired, is determined. This Court has recently held that evidence procured under an invalid search warrant, when seasonably objected to, should not be admitted to prove the guilt of one whose house has been unlawfully searched. Gildrie v. State, 113 South. Rep. 704; see also cases cited in 24 A. L. R. 1359, *et seq.*, and 32 A. L. R. 383, *et seq.* The same rule would also apply to evidence obtained by an

unlawful search conducted without a warrant. But it is also well established that the admissibility of such evidence must be seasonably drawn in question, and unless objection is made to it at the time it is offered upon the trial of the issues, it will be admitted and considered as competent, even though a motion to suppress has been made and overruled prior to the trial, a failure to object at the trial being tantamount to a waiver of objection.

While a mere rule of practice will not be permitted to prevail over a constitutional right (See Gouled v. U. S., *supra*), and although Sections 12 and 22 of the Declaration of Rights should be liberally construed to the end that the rights thereby secured will retain their practical and substantial value as conservators of personal security, nevertheless if the right in question be of such a character that it may be waived, it must be seasonably insisted upon, else the defendant, by his own inaction, may waive it. State v. Mitchell, 25 S. E. Rep. 783, 1020; State v. Hartsfield, *supra*; Dukes v. Com., *supra*. See also State v. Dowling, 107 South. Rep. 267.

When the admissibility of evidence depends upon the legality of the search and seizure by which it was procured, and the latter question in turn depends upon the determination of a question of fact which is susceptible of controversy, the better and safer practice is to move in advance of trial to suppress or restore the evidence in question, so that it will not become necessary to interrupt the progress of the trial for the determination of a controverted collateral issue, although such a preliminary motion is not always indispensable. See Amos v. U. S., *supra;* Gouled v. U. S., *supra;* Agnello v. U. S., *supra;* and Holmes v. U. S., 275 Fed. 49. There is considerable apparent diversity of opinion among the courts upon the proper procedure in cases of this nature in order to properly pro-

tect the defendant's constitutional immunities. The cases may be substantially harmonized, however, by noticing the fact that where the preliminary motion was held unnecessary, the illegality of the search usually appeared from an admitted or uncontroverted state of fact, or from the face of the warrant or the affidavit upon which it was based—therefore raising only the question of law; while in those cases in which the preliminary motion was held necessary, the question of the illegality of the search usually depended upon a controverted issue of fact. See State v. Owens. 259 S. W. Rep. 100; 32 A. L. R. 383, *et seq.*, and the notes to State v. Wills, 24 A. L. R. 1398. In Gildrie v. State, 113 South. Rep. 704, the defect appeared in the face of the affidavit and warrant, and therefore no controverted issue of fact was involved (See Amos v. U. S., *supra*), but timely objection to the evidence was made at the trial.

In this case, the evidence admitted upon the trial of the issues, without objection from the defendant, is amply sufficient to sustain the verdict. It will be observed that it nowhere appears from the evidence taken or the other proceedings had upon the trial of the issues, upon which evidence and proceedings the verdict of guilty was rendered and upon which this final judgment is based, that such evidence was obtained in violation of the defendant's constitutional immunities. It does not appear by that evidence, or by any other proceeding had upon the trial of the issues, that the house referred to in that evidence was the dwelling house of the defendant. It does not appear that the deputy sheriffs searched th house without a valid warrant. Although the evidence taken *ore tenus* upon the motion to suppress may sufficiently disclose those facts—a question which we do not decide—even if it does, the evidence adduced upon the issues, and not that presented upon the hearing of a preliminary or ancillary

motion, must control in determining the sufficiency of the evidence to sustain the verdict.

The evidence taken upon the issues being sufficient to sustain the verdict, and the defendant having made no objection at the trial to the admission thereof, whether or not the trial court erred in overruling the motion to suppress becomes merely an academic question which, by reason of the defendant's waiver due to his failure to interpose seasonable objection at the trial is no longer material.

In Hart v. State, 89 Fla. 202, 103 South. Rep. 633; Jackson v. State, 87 Fla. 262, 99 South. Rep. 548, and Gildrie v. State, 113 South. Rep. 704, it appears by the evidence introduced *upon the issues* that the house searched was the dwelling of the defendant and that the search was made either without a search warrant or upon the pretended authority of an invalid search warrant, and in Tillman v. State, 81 Fla. 558, 88 South. Rep. 377, that the search of the person of the defendant was without either a warrant or the existence of other circumstances justifying it. For the reasons already stated, the principles announced in the several cases last cited are not applicable to the matters here assigned as error.

The judgment is affirmed.

ELLIS, C. J., AND BROWN, J., concur;

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.