ALLEN, Chief Judge
(concurring specially).
The State argues that the propriety of the search and seizure is not properly before this court inasmuch as there was not presented in the trial court a proper objection to the introduction of the evidence seized as a result of said search.
We have examined the case of Robertson v. State, 94 Fla. 770, 114 So. 534, and the case of Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361, cited by the State in its brief, but do not find either of them controlling in this case.
The general rule is that in order for an appellant to secure appellate review of a trial court’s order denying a motion to suppress evidence, that the appellant must object to the introduction of the questioned evidence at the time it is offered at the trial upon the issues.
The reason for this rule is that the trial judge should have an opportunity to determine the validity of the objections made to the introduction of the various kinds of evidence secured by reason of a search warrant at the time of the trial, as the defendant may waive such of the items being introduced into evidence as he desires. We have examined the testimony to see if the defendant in this case waived the introduction into evidence of the items at the trial.
The defendant was arraigned on August 11, 1959, and on August 31, 1959, moved to suppress the evidence on eight grounds one of which was that the Justice of the Peace for District No. 1 was without power to issue a search warrant in District No. 5. A hearing was held on September 8, 1959, and the motion was denied by the lower court on September 10, 1959. In the order denying the motion the lower court stated:
' “* * * The Court further finds, however, that at the time, to-wit: June 4th, 1959, when said search warrant was issued by the said Robert Pauley, Justice of the Peace of the 1st District, Justice Silas Daniels of the 5th Justice of the Peace District was unavailable to perform the functions of the Justice of the Peace of the 5th District aforesaid for the reason that tlie .said Silas *718 Daniels had theretofore on the 1st day of June, 1959, been recalled to temporary duty by the United States Air Force Reserve and was on duty with said Air Force Reserve on June 4,1959, when he remained until June 14th, 1959, and that by previous arrangement and agreement between said Robert Pauley, Justice of the Peace of the 1st District and Silas Daniels, Justice of the Peace of the 5th District, Justice Daniels had requested, and Justice Pauley had consented, to assume responsibility for trying and otherwise handling and processing all criminal matters and trials which might be presented for action and disposition by the said Silas Daniels as Justice of the Peace of the 5th District and that by virtue of the provisions of Chapter 37.-03 and 37.22, Florida Statutes [F.S.A.], the said Robert Pauley, as Justice of the Peace of the 1st District, was empowered and authorized to issue said search warrant inasmuch as Justice Silas Daniels of 'the 5th District was unavailable by virtue of being out of his District.”
During tire early portion of the trial, the search warrant and the affidavit were received into evidence after the court made the following comment to the jury:
“The Court: The warrant and affidavit are admitted in evidence for the purpose of showing the legality of the search. They are not to be used as evidence of the guilt of the defendant, and they are not to be considered by the jury. Gentlemen, this affidavit and search warrant is introduced merely for the purpose of showing the search was legal. They are not tO' be considered by you as evidence of the defendant’s guilt or innocence. They are not introduced for that purpose and will not be read to you nor will you consider them as such.”
The State then introduced some lead pencils, a yellow pad, and a white pad into evidence without objection. The defendant’s counsel did question as to whether these articles were any different than other pencils and pads. After being told that they were not, he did not object to them being introduced into evidence. The State then sought to introduce a brown leather wallet and its contents which had been taken from the defendant pursuant to the search warrant. At this point the following ensued:
“Mr. Kiernan: If your Honor please, for the purpose of preserving the record, the defendant renews his Motion to Suppress which we have argued for the past several days before this court, and objects to the introduction of the evidence obtained under the Search Warrant on the same grounds as set forth in defendant’s Motion to Suppress.
“The Court: Mr. Kiernan, I think you have preserved your record. Overruled.”
The court then asked if the State was going to show the connection between the wallet and its contents with the operation of bolita. The State’s counsel answered “Yes.” Counsel for defendant then asked if he could preserve “any objections I may have until you finish or after I finish my cross-examination.” The court said that would be all right.
In his brief, counsel for the State contends that the defense was referring to preserving objections to the evidence and, since the objections were not subsequently made, the defense cannot object on appeal. The more reasonable contention would seem to be that the defense was referring to the impending testimony which the state was going to introduce to show the connection between the evidence and the operation of bolita. The defendant contends before this court that he was not required nor expected to further encumber the record each time the state sought to introduce other articles seized or relevant testimony to bo-lita operations.
*719 After all of the seized articles were introduced into evidence, the following' statement was inserted into the record:
“The foregoing State’s Exhibits 1 to 15 inclusive were all received in evidence over the standing objection of Mr. Kiernan, Attorney for Defendant, which objections were overruled by the Court.”
The motion to suppress evidence filed by the defendant, and made a part of this record, is as follows:
“Now comes the defendant, by his undersigned attorney, and moves to suppress all evidence obtained by reason of that certain search warrant issuing from the Justice of Peace, First District, Pinellas County, Florida, under date of June 4, 1959, directed to the search of the private dwelling designated as 2501 — 17th Avenue South, for the following reasons:
“1. That said search warrant issued by a Justice of Peace to search a private dwelling not within the jurisdiction of said Justice of Peace, as provided by Sec. 933.01 F.S.A.
“2. That said search warrant issued without authority of law.
«2 * * *
* * *
“5. That said affidavit fails to describe the person or the name of the person to be seized, although in truth and in fact the affiant, Sgt. M. D. Hooper, has testified under oath before the Justice of Peace, First District, and before the Municipal Court, City of St. Petersburg, Florida, that he knew that the defendant lived and resided at the aforesaid designated residence.”
The main objection to the search warrant was that it was issued by the Justice of Peace of District No. 1 to search the home of appellant, which was not located in the Justice of Peace District No. 1, but in Justice of Peace District No. 5.
We are of the opinion that the record makes it clear that the attorney for the defendant specifically pointed out to the able trial judge who presided at this case that the defendant was objecting to the evidence as it was introduced on the grounds that the search warrant was illegal.
We, therefore, hold that the lower court erred in the reception of the questioned evidence at the time of trial, necessitating a new trial for the defendant.