386 P.2d 657

**The STATE of Arizona, Appellee,**

**v.**

**Larry KEMP, Jr., Appellant.**

**No. 1279.**

Supreme Court of Arizona.

In Division.

Nov. 13, 1963.

Stanley M. Jerman, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Phoenix, Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

LOCKWOOD, Justice

Appellant, Larry Kemp, Jr., was convicted of statutory rape and assault with a deadly weapon. At trial a court-appointed lawyer represented him. A different court-appointed lawyer prosecutes this appeal.

The crimes occurred on December 24, 1961. The victim, a fifteen year old girl, returned home from babysitting and went to bed. A few minutes later she was awakened by a man who "pounced" on her back and threatened to kill her with a knife if she made any noise. He then raped her. The victim's older sister and her date entered the house and heard moans coming from the bedroom. When the sister turned on the bedroom light, the man grabbed some of his belongings and ran out the room. The sister's "boyfriend" tackled him. During the ensuing fight, the man stabbed the friend four times with a knife and then fled out the back door.

Eighteen hours later, appellant was arrested at his apartment by Officer Dan Dryden and taken immediately to police headquarters. Another officer, Andrew Best, obtained the keys to appellant's car from Dryden and went to the scene of the arrest. Approximately one hour had elapsed since the arrest when Best unlocked the car and found a pistol which belonged to the victim's mother and a knife with brownish stains. Two days later, two flashlights were taken from the car by the police. Three months later, appellant's landlady gave police officers permission to remove some of appellant's shirts from a suitcase in the room ap-

pellant had used until his arrest in December. Defendant's counsel at trial did not move to suppress any of these items. Nor did he object to their admissability on the ground that they were illegally obtained.

Appellant now contends "the use of illegally obtained evidence by the prosecution and its admission in evidence was fundamental error and deprived defendant of a fair trial notwithstanding the fact that defense counsel did not raise the issue at trial."

 Even assuming the evidence was illegally obtained, as a matter of law and procedure, the failure to object to its admissability at the time it is presented by the prosecution constitutes a waiver on the part of the defendant. Indeed, the fact that the defense motions for suppressing evidence and quashing affidavits or warrants have been overruled by the court does not relieve the accused or his counsel from the duty of objecting to the admission of such evidence on the grounds that it was illegally obtained. Cradle v. United States, 85 U.S.App.D.C. 315, 178 F.2d 962 (1949); Robertson v. State, 94 Fla. 770, 114 So. 534 (1927); Webb v. State, 33 Okl.Cr. 77, 242 P. 784 (1926); State v. Berry, 253 S.W. 712 (Mo. 1923); Dukes v. Commonwealth, 196 Ky. 60, 244 S.W. 74 (1922); and State v.

Mitchell, 119 N.C. 784, 25 S.E. 783, 1020 (1896).

Judgment affirmed.

STRUCKMEYER and JENNINGS, JJ., concurring.