JOHNSON, Judge.
This is an appeal from the verdict and judgment of guilty of armed robbery, entered in the circuit court of Leon County, Florida.
The appellants and a third party were charged with armed robbery of the Western Union Telegraph Company’s office in Tallahassee. It appears that two men went into the office and took the money, while the third, appellant Wolfe, remained in the get-away-car
One of the defendants, Richard E. Powell, admitted his guilt but denied that the other two defendants, the appellants herein, were involved, although admittedly, the defendant Gregory went into the robbed office with him and the defendant Wolfe remained in the car.
In the course of testimony a policeman testified for the State that he took the defendant Wolfe from the point where he was apprehended back to the police station and in a conversation with the defendant, the defendant Wolfe asked the witness to request the other officers not to shoot the man on the ground (one of the defendants had run) because he was not armed. Also, said defendant stated that they were broke, was the reason they robbed Western Union.
No objection was made to this testimony by either defense counsel and no question raised as to the voluntariness of the statement of Wolfe, which was tantamount to a confession, until after the judgment of guilty.
Motion for a new trial was denied.
The defendants Wolfe and Gregory appeal.
Two assignments of error are alleged as the basis for this appeal, namely:
“1. The trial court committed error by admitting into evidence contrary to the Constitution of the United States and the State of Florida a certain statement elicited from the defendant JERRY LEE WOLFE.”
“2. The trial court committed error by denying defendants’ motion for new trial on the ground that the verdict and judgment were contrary to the law.”
The primary contention under assignment number 1, is that it was error to permit the officer to testify as to a statement made to the officer by the defendant Wolfe en-route to the police station from the point of apprehension, which statement was, in substance, to the effect that Wolfe asked the officer to tell the other officers not to shoot the man that ran as he was not armed, and the further statement that they were broke was the reason they robbed Western Union.
It does not appear that any objection was made at the time of this testimony nor *549 subsequent thereto until after conviction, when it was raised for the first time in the motion for a new trial. It appears from the transcript of testimony that this statement was voluntarily given by the defendant Wolfe and when he was later allowed to testify in his own behalf, he did not deny the voluntariness of the statement, nor, in fact, did he even mention or negate the making of such statement. We think the law is well settled that it is not reversible error for the trial court to consider the admissibility of a confession in the presence of the jury, in the absence of a request by defense counsel, that the jury be excused or objection thereto by counsel; and especially is this true when the record supports the voluntariness thereof and therefore its admissibility. Espinola v. State, Fla., 82 So.2d 601; Smith v. State, 135 Fla. 835, 186 So. 203.
In the trial court’s charges to the jury, no mention was made as to the voluntariness of the statement in question, but the court did instruct the jury that the credibility and weight of all the evidence was a matter to be determined by them.
This court recently held in the case of Brown v. State (1st DCA, 1965, 181 So.2d 578) that Florida generally recognizes the Orthodox Rule with respect to the admissibility of confessions, and points out that the United States Supreme Court seemed to express approval of this procedure in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, which held in effect that if the record supports the volun-tariness of the confession, and no objection made, then certainly it was not error to admit such confession. We think this is the established law governing the instant case.
As to the other assignments of error, we find there was sufficient evidence to sustain the finding of the jury and such assignments are without merit.
For the reasons stated, we think the trial court was without error in any of its findings. Therefore, the order and judgment appealed is
Affirmed.
WIGGINTON, Acting C. J., and STURGIS, J., concur.