205 So.2d 324 (1967)
Douglas McArthur TENNANT, Appellant,
v.
STATE of Florida, Appellee.
No. J-76.
District Court of Appeal of Florida. First District.
December 19, 1967.
Rehearing Denied January 15, 1968.
Edward L. Bush, Palatka, for appellant.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of violating the beverage laws of this state.
The evidence introduced against appellant at the trial consisted of testimony by law enforcement officers concerning moonshine whisky and a still found in defendant's possession during a search of his residence made pursuant to a search warrant, the legality of which was not questioned. At the conclusion of the State's evidence appellant moved the court to suppress a photograph of the still taken during the search and for a directed verdict on the ground that because of the State's failure to introduce in evidence the search warrant, the testimony of what the witnesses found during the search was inadmissible. It is appellant's position that without such incriminating evidence the verdict of guilty rendered against him cannot be sustained.
Appellant has cited no authority, and our research has revealed none, which holds that evidence procured under a valid search warrant and introduced in the case without objection during the trial is rendered incompetent and subject to suppression unless the search warrant is received in evidence as proof of the legality of the search. The record reveals that the officers procured a search warrant and acted pursuant to its authority in making their search of appellant's premises as testified to at the trial. No objection to this testimony was interposed by defendant when offered, nor was the validity of the warrant or search made pursuant to it ever attacked. It was not until the State had completed its evidence and rested its case that the motion to suppress the evidence and for a directed verdict was made. It appears to be the settled law of this state that an objection to incriminating evidence offered in proof of an alleged crime must be seasonably made during the trial at the time when it is introduced. Failure to so object constitutes a waiver and cannot be raised either at a *325 later stage of the proceedings, or for the first time on appeal. This is so even though a motion to suppress the evidence is preliminarily made and denied by the court.[1]
It is our view that appellant's motion for directed verdict because of the State's failure to introduce in evidence the search warrant involved in this case was not well taken as a matter of law, and that the trial court correctly denied it.
We have considered the remaining point urged by appellant on appeal but find it to be without substantial merit. The judgment appealed is accordingly affirmed.
WIGGINTON, C.J., and CARROLL, DONALD K. and RAWLS, JJ., concur.
NOTES
[1] Fraterrigo v. State (1942) 151 Fla. 634, 10 So.2d 361; Robertson v. State, 94 Fla. 770, 114 So. 534.