PER CURIAM.
Appellant-defendant, James J. Koedatich, appeals from a judgment of conviction of second degree murder and sentence of twenty years based upon a jury verdict of guilty.
The record on appeal reveals that after arriving at his apartment, the decedent, Robert J. Anderson, allegedly made sexual advances toward his roommate, Koedatich. An argument occurred and defendant killed Anderson. Defendant told the story of the argument and the killing to one Marie Carr and she then related the incident to Frank Morris, a friend of Koeda-tich. Morris went to defendant’s apartment where he observed the deceased’s body and was told of the murder by defendant. Later Morris notified the Surf-side Police and two officers accompanied Morris back to the defendant’s apartment. Upon arriving at the apartment, Police Officer Cole tried the door but it was held *632 fast by a chain. Cole tried to look into the apartment through the windows but he could not because the drapes were closed. The other officer then grabbed the door, broke the chain and all three men then entered the apartment. Defendant was in the apartment standing near the windows. He did not say anything when the officers entered or when they began looking for Anderson’s body. The police could not find the body until Morris told them to look in a particular closet, access to which was blocked by a bed. The body was discovered in the closet and defendant then tried to run from the apartment but he was caught, brought under custody and arrested.
Defendant contends that reversible error exists because his fourth amendment rights were violated due to the warrantless search of his apartment, the seizure of the deceased’s body, and warrantless arrest of defendant. These issues, however, were not the subject of objections at trial and no ruling was obtained from the court. It is well settled in Florida Jurisprudence that objections may not be raised for the first time on appeal, therefore, this argument cannot be considered by the court. Thomas v. State, Fla.App.1971, 249 So.2d 510; Reis v. State, Fla.App.1971, 248 So.2d 666; Mahone v. State, Fla.App.1969, 222 So.2d 769; Grays v. State, Fla.App.1969, 217 So.2d 133.
Defendant further charges that he was represented by ineffectual counsel at trial. We find defendant was ably represented. See, Bendelow v. United States, 418 F.2d 42 (5th Cir.1969); Odom v. United States, 377 F.2d 853 (5th Cir.1967); Biggs v. United States, 318 F.Supp. 212 (N.D.Fla.1970).
We have examined all of defendant’s remaining points on appeal and find them to be without merit. Accordingly, the judgment and sentence appealed herein are affirmed.
Affirmed.