309 So.2d 215 (1975)
Alphonso WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-536.
District Court of Appeal of Florida, Third District.
March 11, 1975.
*216 Shalle Stephen Fine and Steven R. Brownstein, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant was informed against on several counts of assault with intent to commit murder and aggravated assault. He was tried by jury, found guilty on three counts of assault and sentenced to a total of fifty years.
Defendant raises six points on appeal, only one of which merits some discussion, to wit: whether the trial court erred in admitting into evidence a letter which was written by the defendant and sent to the State's Attorney.
In the letter the defendant admits that he is guilty of the charges against him and asks for forgiveness and pardon.
Hereunder, we first note that counsel for the defendant made objection to the introduction thereof at the trial, but not on the grounds that the subject letter was a plea bargain proposal and inadmissable under RCrP 3.171(d) as defense counsel now contends on appeal. Since no specific objection on this ground was raised by the defendant in the trial, we find this point on appeal to be untimely. See Koran v. State, Fla.App. 1968, 213 So.2d 735.
Secondly, we cannot agree with appellant that the subject letter was in essence a classic offer for a plea bargain. RCrP 3.171(b) with regard to plea bargaining reads as follows:
"Rule 3.171 Plea Discussions and Agreements
* * * * * *
"(b) Defense counsel shall not conclude any plea bargaining on behalf of a defendant-client without his client's full and complete consent thereto, being certain that any decision to plead guilty or nolo contendere is made by the defendant.
"Defense counsel shall advise defendant of all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea, the likely results thereof as well as any possible alternative which may be open to him."

* * * * * *
An examination of the record in the case sub judice demonstrates that defendant testified *217 at trial to the effect that he would not plead guilty under any condition because he was not guilty. Thus, we conclude that defendant did not consent to any plea bargaining pursuant to RCrP 3.171(b) and, therefore, we cannot accept the contention of appellant that the subject letter was in compliance with this rule.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.