CAMPBELL, Judge.
Appellant, Terry Terrance Rawls, was convicted and sentenced for sexual battery and burglary. In this appeal, he challenges only the denial of his motion to suppress statements he made to police investigating officers. Upon the denial of appellant’s motion to suppress, appellant pleaded no contest to the charges, reserving his right to appeal. We affirm.
Appellant’s primary focus on appeal is that he is deaf and the requirements of section 901.245, Florida Statutes (1989) providing for interpreter services for deaf persons during interrogation were not met in his case. When questioned by the investigating officers, appellant was not afforded an interpreter, nor were the questions posed to him in writing or the answers similarly recorded in writing and preserved as is required. Section 901.245 provides as follows:
In the event that a person who is deaf is arrested and taken into custody for an alleged violation of a criminal law of this state, the services of a qualified interpreter shall be sought prior to interrogating such deaf person. If the services of a qualified interpreter cannot be obtained, the arresting officer may interrogate or take a statement from such person provided such interrogation and the answers thereto shall be in writing. The interrogation and the answers thereto shall be preserved and turned over to the court in the event such person is tried for the alleged offense.
We find in this case that a failure by the investigating officers to comply with section 901.245 does not render appellant’s statements inadmissible. Section 901.245 is not part of the evidence code. It is contained in chapter 901, Florida Statutes, the chapter on arrests, and proscribes no sanctions or penalties for a failure to observe its requirements. We perceive that the intent of the statute is to ensure that deaf persons fully understand the proceedings in which they may be involved. While appellant alleges here and below that he is deaf, there was no proof offered as to the degree of deafness by which appellant is afflicted. It is clear, however, from the record of the testimony of the investigating officers that appellant understood his Miranda rights and understood and responded to the officers’ questions, thus the statute’s intended effect was fulfilled. The officers attempted to tape record appellant’s statements but refrained from doing so when appellant protested and otherwise indicated that the use of the tape recorder *1257 intimidated him. Appellant has failed to demonstrate below how the failure to comply with section 901.245 renders his statements inadmissible except that he contends that admission of statements taken in violation of that statute makes any resulting conviction reversible per se.
We refuse to adopt such a rule. The officers testified below that, at the officers’ request, appellant accompanied them from his home to the police station. The officers informed him that they wished to question him concerning a burglary and sexual battery that had occurred the evening before. There was no attempt by appellant to show the trial court that his action in accompanying the officers to the police station was involuntary. The officers questioned appellant in an office at the police station. He was under no restraint, was not arrested until after his statement, and was free to leave until he was arrested.
While appellant is clearly deaf to some extent, he seemed to read lips well and carried on an intelligent conversation. The officers read the Miranda warnings to appellant and gave them to him to read. He indicated that he understood them and was willing to talk to the officers. Appellant admitted having sexual intercourse with the elderly victim, but denied cutting her throat. He said that the blood on his clothes came from a fight. He provided details of the crime that were not public knowledge, including the points of entry and exit at the victim’s home, the home layout and the victim’s location and clothing. After the interview, appellant was arrested and subsequently signed a statement acknowledging that he had previously waived his Miranda rights.
We hold simply that when statements or admissions of a defendant are shown to be freely, intelligently and voluntarily given, with full knowledge of one’s applicable constitutional rights, a failure to comply with the terms of section 901.245 will not of itself render such statements or admissions inadmissible.
Appellant also argues for the first time in this appeal that he was involuntarily taken to the police station and that his confession was the fruit of illegal custody. Because that argument was neither raised nor addressed below, we do not consider it in this appeal.
Affirmed.
SCHOONOVER, C.J., and HALL, J., concur.