661 So.2d 1252 (1995)
The STATE of Florida, Appellant,
v.
Rusti H. OSVATH, Appellee.
No. 95-2012.
District Court of Appeal of Florida, Third District.
October 25, 1995.
*1253 Robert A. Butterworth, Attorney General, and Cynthia A. Greenfield, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellee.
Before BARKDULL, HUBBART and LEVY, JJ.
PER CURIAM.
This is a petition for a writ of certiorari filed by the state of Florida seeking review of a final order of the Circuit Court for the Sixteenth Judicial Circuit, sitting in its appellate capacity; this order reversed for a new trial two misdemeanor convictions which were entered against the respondent Ruth H. Osvath in the Monroe County Court upon an adverse jury verdict for (1) resisting arrest without violence [§ 843.02, Fla. Stat. (1993)] and (2) refusal to sign a traffic citation [§ 318.14(3), Fla. Stat. (1993). We grant the subject petition, quash the order under review, and remand the cause to the circuit court for further proceedings; we reach this result because the circuit court departed from essential requirements of law by violating a clearly established principle of appellate review resulting in a miscarriage of justice. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla. 1995); Combs v. State, 436 So.2d 93, 95-96 (Fla. 1983).
*1254 The circuit court, in the order under review, reversed the respondent's convictions on the ground that the county court had erred in denying the respondent's pre-trial motion in limine. In this motion, the respondent sought to suppress as evidence at trial a police tape recording of certain spontaneous statements made by the respondent at the time of her arrest; the sole ground urged for such suppression was that "[t]he probative value of these statements is substantially outweighed by the danger of unfair prejudice," thereby making such statements inadmissible under Section 90.403, Florida Statutes (1993). (R.13). The sole point on appeal raised by the respondent before the circuit court was "[w]hether the [t]rial [c]ourt erred in failing to prohibit the introduction of an `audio tape' pursuant to Section 90.403 of the Florida Evidence Code." (R.4). At no time did the respondent contend either at trial or on appeal that the tape recording was unlawfully obtained by the police in violation of the Florida Security of Communications Act [ch. 934, Fla. Stat. (1993)].
The circuit court, however, never determined the point on appeal urged by the respondent but, instead, reached out on its own and concluded that the tape recording was inadmissible in evidence because it was made by the police in violation of Section 934.03(2)(c), Florida Statutes (1993), a ground which was never urged by the respondent at trial or on appeal. In so doing, the circuit court violated a well-established principle of appellate review, namely, that an appellate court must "confine the parties litigant to the points raised and determined in the court below, and [must] not [] permit the presentation of points, or objections for the first time in [the appellate] court, when the same might have been cured or obviated by amendment, if attention had been called to them in the trial court." Hartford Fire Ins. Co. v. Hollis, 58 Fla. 268, 50 So. 985 (1909) (syllabus by ct. no. 2). In particular, when the point on appeal challenges a trial court ruling admitting certain evidence at trial, as here, the party is confined on appeal to the ground urged for exclusion at trial and is not permitted to raise on appeal new grounds for exclusion not presented to the trial court. See § 90.104, Fla. Stat. (1993); Lineberger v. Domino Canning Co., 68 So.2d 357, 359 (Fla. 1953); Rawls v. State, 596 So.2d 1255, 1257 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992); Sears, Roebuck & Co. v. McAfoos, 303 So.2d 336, 337 (Fla. 3d DCA 1974); Nat Harrison Assocs. v. Byrd, 256 So.2d 50, 53 (Fla. 4th DCA 1971).
There is a very limited and rarely invoked fundamental error exception to this principle of appellate review, namely, an appellate court may notice on its own a fundamental error "which goes to the foundation of the case or goes to the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). This exception, however, "should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application," Ray v. State, 403 So.2d 956, 960 (Fla. 1981), and is completely inapplicable to the instant case. This is so because the fundamental error exception has never been invoked to exclude alleged illegally or unconstitutionally obtained evidence, as here, where the point was not properly preserved for appellate review in the trial court, whether that evidence be a confession or tangible evidence obtained in a search or seizure; indeed, we are unaware of any reported case in Florida where the fundamental error exception has ever been invoked to cure an unpreserved evidentiary error at trial, whether the error be one of constitutional dimensions or not. Fuller v. State, 159 Fla. 200, 31 So.2d 259 (1947); Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361 (1942); Robertson v. State, 94 Fla. 770, 114 So. 534 (1927); Wright v. State, 309 So.2d 215 (Fla. 3d DCA), cert. denied, 323 So.2d 273 (Fla. 1975); O'Berry v. Wainwright, 300 So.2d 740 (Fla. 4th DCA 1974); Hernandez v. State, 273 So.2d 130, 133 (Fla. 1st DCA), cert. denied, 277 So.2d 287 (Fla. 1973); Koedatich v. State, 263 So.2d 631 (Fla. 3d DCA), cert. dismissed, 268 So.2d 533 (Fla. 1972); Dickenson v. State, 261 So.2d 561 (Fla. 3d DCA 1972); Darrigo v. State, 243 So.2d 171 (Fla. 2d DCA 1971); Davis v. State, 226 So.2d 257 (Fla. 2d DCA 1969); Blatch v. State, 216 So.2d 261, 264 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 532 (Fla. 1969); Simpson v. State, 211 So.2d 862 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 912 *1255 (Fla. 1969); Tennant v. State, 205 So.2d 324 (Fla. 1st DCA 1967), cert. denied, 210 So.2d 227 (Fla. 1968); Gregory v. State, 181 So.2d 547 (Fla. 1st DCA 1966); Morgan v. State, 177 So.2d 60 (Fla. 3d DCA 1965); Coggins v. State, 101 So.2d 400 (Fla. 3d DCA 1958).
For the above stated reasons, the petition for a writ of certiorari is granted, the final order under review is quashed, and the cause is remanded to the circuit court with directions to consider on the merits the sole appellate point raised by the respondent before the circuit court.
Petition granted; cause remanded.