THOMPSON, J.
Jason Novelle Williams appeals his conviction for lewd and lascivious battery on a person 12 years of age or older but less than 16 years of age. We affirm because any error was not preserved.
Williams, age 24 at the time of the alleged offense, was accused of having intercourse with a fourteen-year-old girl after picking her up at the middle school she attended. She testified that she became acquainted with him at the store at which he worked and had visited him there on occasion. On one occasion, she testified, he gave her the number for a cell phone he was going to be using, and she called him the next day from her middle school, asking him to pick her up. Her step-mother happened to call the school that day and then went to the school, where she spoke to the school resource officer and three other students. In the meantime, having allegedly had intercourse with her, Williams dropped her off, as she directed, at the home of a friend of hers. The victim and her friend left with another friend, and when they arrived at one location, she was met by deputies who took her home. Fearing that she might have used drugs, her parents took her to a hospital, where she eventually told her aunt that she had intercourse with Williams and where an inconclusive rape kit was utilized. She initially denied to her parents that she had intercourse, but later stated she had intercourse with a person she had met named, “Josh,” and then subsequently said she had intercourse with Williams.
Later, at his workplace, Williams agreed to speak with a detective. They spoke in the detective’s car, where the detective secretly recorded the conversation. After Williams denied having sex with the victim, the detective told Williams two falsehoods: that the victim had changed her story and was currently claiming that she had been forcibly raped and that the detective had forensic evidence of a sexual encounter between the victim and Williams. The detective told Williams he believed it was a consensual encounter, that the ball was in Williams’s court, and that the detective could “go” with what he had:
UNIDENTIFIED SPEAKER: Yes. Now I know there’s three sides to every story. This isn’t my first day on the job.
UNIDENTIFIED SPEAKER: (Inaudible).
UNIDENTIFIED SPEAKER: There’s your side. There’s her side. And somewhere in the middle lies the truth. Okay.
UNIDENTIFIED SPEAKER: Okay.
UNIDENTIFIED SPEAKER: I want to know what your side of the story is. And I don’t want to hear we didn’t have sex because I know you did. Okay. I know you had sex. Okay. Just as sure as I’m sitting here. And I got enough forensic evidence to back that up.
UNIDENTIFIED SPEAKER: Uh-huh.
UNIDENTIFIED SPEAKER: So I want to know, did you force yourself on her, or was it a consensual deal. I want to know if she called you up from school to meet with you to have sex. Now the ball is in your court, man. It’s up to you. I can go with what I have right now—
Shortly thereafter, Williams admitted having had sex with the victim.
On appeal, Williams argues that the confession was coerced and that the admission of his confession at trial was fundamental error. Although his counsel *1187 argued to the jury that the confession was involuntary in that it was the product of the detective’s misrepresentations, he never moved to suppress it. We conclude that any error in admitting the confession was not fundamental and that therefore the issue is not cognizable on appeal. A well-established principle of appellate review is that an appellate court must “confine the parties litigant to the points raised and determined in the court below, and [must] not [ ] permit the presentation of points, or objections for the first time in [the appellate] court, when the same might have been cured or obviated by amendment, if attention had been called to them in the trial court.” State v. Osvath, 661 So.2d 1252 (Fla. 3d DCA 1995) (quoting Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970)) (alterations in Osvath). Further, the contemporaneous objection rule prohibits counsel from attempting to gain a tactical advantage by failing to challenge errors and then seeking a second trial if the first decision is adverse to the client. J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998) “[R]arely will an error be deemed fundamental, and the more general rule requiring a contemporaneous objection to preserve an issue for appellate review will usually apply.” F.B. v. State, 852 So.2d 226, 229-230 (Fla.2003).
Our supreme court has stated: “To justify not imposing the contemporaneous objection rule, ‘the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). Further: “[a]n error is fundamental when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process.” J.B., 705 So.2d at 1378 (citing State v. Johnson, 616 So.2d 1, 3 (Fla.1993)); see also Chandler v. State, 702 So.2d 186, 191 n. 5 (Fla.1997) (holding that for an error to be raised for the first time on appeal, the error must be so prejudicial as to vitiate the entire trial).
In F.B., which involved claims that the insufficiency of the evidence was fundamental error, the court provided illustrations of errors that were so substantial they were considered fundamental:
In Troedel v. State, 462 So.2d 392, 399 (Fla.1984), we reversed one of the defendant’s two burglary convictions because “[t]here was no evidence of more than one such unlawful entry.” We held that “a conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error.” Id. We applied this rule in Vance v. State, 472 So.2d 734 (Fla.1985), in which the petitioner was charged with two counts of aggravated assault with a deadly weapon and was convicted on each of the lesser-included offense of improper exhibition of a dangerous weapon under section 790.10, Florida Statutes (1981), which prohibits such exhibition “in the presence of one or more persons.” Relying on TroedeVs fundamental error pronouncement, we held that because section 790.10 was only violated once in the single episode, the second conviction was “totally unsupported by evidence.” 472 So.2d at 735.
Thus, an argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved. Such complete failure of the evidence meets the requirements of fundamental error — i.e., an error that reaches to the foundation of the case and is equal to a denial of due process. See, e.g., Stanton v. State, 746 So.2d 1229, 1230 (Fla. 3d DCA 1999) (citing Troedel and stating that “a person who takes temporary possession of contraband for the sole purpose of turn *1188 ing it into the authorities, and promptly does so, is [not] guilty of a crime”); Griffin v. State, 705 So.2d 572, 574 (Fla. 4th DCA 1998) (reversing conviction because a “conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law”); Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994) (reversing conviction and stating that “[e]onviction of a crime which did not take place is a fundamental error, which the appellate court should correct even when no timely objection or motion for acquittal was made below”); Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA. 1989) (reversing conviction as fundamental error because defendant’s conduct did not constitute the crime of which he was convicted).
Id. at 230. The court held that in non-death penalty cases, a claim of, insufficiency of the evidence must be preserved unless the evidence is insufficient to show that a crime was committed at all. Id. at 230.
In the instant case, any error in admitting the confession was not as substantial as thé errors described in F.B. We do not think that the admission of the allegedly coerced confession cari be considered fundamental because the error does not reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. Here, the conviction was not based solely on the confession, so Williams could have been convicted without the- alleged error. There was not a “complete failure,” id. at 230, of the process. For the same reason, any error in admitting the confession did not go to the foundation of the case or the merits of the cause of action, nor was it so prejudicial as to vitiate the entire trial.
Furthermore, in Osvath, the court stated:
[T]he fundamental error exception has never been invoked to exclude alleged illegally or unconstitutionally obtained evidence, as here, where the point was not properly preserved for appellate review in the trial court, whether that evidence be a confession or tangible evidence obtained in a search or seizure; indeéd, we are unaware of any reported case in Florida where the fundamental error exception has ever been invoked to cure an unpreserved evidentiary error at trial, whether the error be one of constitutional dimensions or not. Fuller v. State, 159 Fla. 200, 31 So.2d 259 (1947); Fraterrigo v. State, 151 Fla. 634, 10 So.2d 361 (1942); Robertson v. State, 94 Fla. 770, 114 So, 534 (1927); Wright v. State, 309 So.2d 215 (Fla. 3d DCA), cert. denied, 323 So.2d 273 (Fla.1975); O’Berry v. Wainwright, 300 So.2d 740 (Fla. 4th DCA 1974); Hernandez v. State, 273 So.2d 130, 133 (Fla. 1st DCA), cert. denied, 277 So.2d 287 (Fla.1973); Koedatich v. State, 263 So.2d 631 (Fla. 3d DCA), cert. dismissed, 268 So.2d 533 (Fla.1972); Dickenson v. State, 261 So.2d 561 (Fla. 3d DCA 1972); Darrigo v. State, 243 So.2d 171 (Fla. 2d DCA 1971); Davis v. State, 226 So.2d 257 (Fla. 2d DCA 1969); Blatch v. State, 216 So.2d 261, 264 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 532 (Fla.1969); Simpson v. State, 211 So.2d 862 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 912 (Fla.1969); Tennant v. State, 205 So.2d 324 (Fla. 1st DCA 1967), cert. denied, 210 So.2d 227 (Fla.1968); Gregory v. State, 181 So.2d 547 (Fla. 1st DCA 1966); Morgan v. State, 177 So.2d 60 (Fla. 3d DCA 1965); Coggins v. State, 101 So.2d 400 (Fla. 3d DCA 1958).
Id. at 1254-55. See also J.B., 705 So.2d 1376 (holding that admission into evidence of confession where the state had not es *1189 tablished the corpus delicti of the crime was not fundamental error). Compare Arizona v. Fulminante, 499 U.S. 279, 306, 311, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (holding that the admission of a coerced confession is “trial error” which is “similar in both degree and Mnd to the erroneous admission of other types of evidence,” and is subject to the harmless error rule); Reed v. State, 837 So.2d 366, 370 (Fla.2002) (clarifying that error which does not meet the exacting standard so as to be “fundamental” is subject to harmful error review).
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.